## ST JOHN et v PARSONS

Ohio Appeals, 6th Dist, Williams Co

Decided June 22, 1936

Newcomer & Parker, Bryan, for appellees.

D. A. Webster, Bryan, for appellant.

## OPINION

By OVERMYER, J.

In April, 1936, appellees filed a petition in the Common Pleas Court in this county against appellant on an account for goods and merchandise sold and delivered by the former to the latter in Hillsdale County, Michigan, where both parties reside. On the same date an affidavit was filed by appellees for an order of attachment, the ground alleged being the nonresidence of appellant.

On the petition so filed a summons was issued for appellant, since returned "not found in Williams County, Ohio," and the order of attachment was issued to the sheriff and a levy was made on real estate owned by the appellant in this county. No personal service has been had on appellant.

Appellant filed a motion to discharge the attachment on the ground that the court has no jurisdiction of the parties, since both parties are non-residents of Ohio, and the court overruled the motion. From this order an appeal is prosecuted to this court by the appellant.

The only question presented to us by counsel in brief or argument is whether a non-resident plaintiff can attach real estate in this county owned by a non-resident defendant. Under authority of Ohio cases where the subject has been before the courts and under numerous decisions of the courts of other states, as cited in appellee's brief, the answer is in the affirmative. R. A. Kelley Co. v Garvin Machine Co. 4, O. D. 374, 6 N.P. 350; Riter-Conley Mfg. Co. v Mzik, 3 C.C. (N.S.) 125, 13 C.D. 164; Oil Well Supply Co. v Koen, 64 Oh St 422, 60 NE 603; American Digest, Vol. 5 (Cent. Ed.), page 241.

The property attached is real estate, tangible property, owned by the appellant in this county and within the territorial jurisdiction of the court. A plaintiff may file an action in any county or state where he can secure service on the defendant, and attachment is a proceeding in rem against tangible property within the jurisdiction of the court where the action is brought. As said by the Supreme Court in Oil Well Supply Co. v Koen, supra, at page 429:

"The demurrer to the reply admits that in the former action no summons was served on the defendant, who, during its pendency, was a non-resident of this state, and that no jurisdiction was obtained by the court otherwise than by the seizure of his property on the attachment, and service by publication as authorized in such cases. Jurisdiction, upon such service, to subject property within the reach of the court's process to the satisfaction of the debts of its non-resident owner, is not questioned, nor is the power of the state (questioned) to confer such jurisdiction on its courts. But a proceeding of that nature is essentially one in rem, and the jurisdiction is acquired only where property of the defendant is brought within the control of the court, and is exhausted by the appropriation of the property on the plaintiff's demand."

The order of attachment will not be set aside because issued before the service by publication was begun. Citizens National Bank of Washington, Pa. v Union Central Life Ins. Co., 12 C.C. (N.S.) 401, 21 C.D. 524.

In the case before us summons had been issued and returned "not found," but it has been held that "summons need not be issued where it cannot be personally served, as in the case of non-residence, to authorize attachment." Pratt v Sherman, 1 Clev. Law Rec. 14, 4 Dec. Rep. 16.

We hold the appellees as plaintiffs had a right to bring the action against the non-resident appellant as defendant in this state, and in the county where tangible property of the defendant might be seized in attachment, and therefore the judgment of the court below in overruling the motion to discharge the attachment will be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.