KALMBACH FEEDS, INC., APPELLEE,
*v.* LUST, APPELLANT. (TWO CASES.)

(Nos. 3-85-8 and 3-85-9—Decided
March 19, 1987.)

*Spurlock, Pry & Griebling, James W. Pry II, John F. King* and *Robert Spurlock,* for appellee.

*Shuff & Kutscher* and *Paul F. Kutscher, Jr.,* for appellant.

MILLER, J. These two appeals brought by the defendant, Duane E. Lust, are from judgments of the Court of Common Pleas of Crawford County and will be considered together in this opinion.

The plaintiff, Kalmbach Feeds, Inc., instituted an action alleging that the defendant owed the plaintiff $8,700.98 on an open account. The complaint further alleged that the defendant borrowed property owned by the plaintiff and damaged said property in the amount of $2,872.52.

Plaintiff moved for an order of attachment against the defendant on the grounds that the defendant was about to convert his property, in whole or in part, into money for the purpose of placing it beyond the reach of his creditors and that the defendant was about to remove the property, in whole or in part, from the jurisdiction of the court with the intent to defraud his creditors. Attached to the motion was the affidavit of the plaintiff's attorney and a copy of the land installment contract, the equitable interest or the cash proceeds of which was the subject of the attachment.

The court by its judgment entered on the motion ordered the clerk of the court to issue an order of attachment consistent with plaintiff's motion and affidavit and to serve upon the defendant the materials filed by the plaintiff in accordance with R.C. 2715.045. The clerk of courts signed the order for attachment of property.

The defendant disputed the claim for possession of his property and requested that a hearing be held in this matter and filed a motion to dismiss the order of attachment and a memorandum in support thereof.

A hearing was held pursuant to R.C. 2715.045 and on the motion to dismiss the order of attachment.

The defendant also filed a motion for determination of a class action, and an answer and counterclaim. The answer contained various defenses and the counterclaim contained three claims. The first claim was for a class

action on behalf of one thousand other similarly situated customers of the plaintiff, to whom the plaintiff had extended credit on open accounts for retail purchases of goods sold by the plaintiff. The second and third claims were that plaintiff charged defendant an interest rate in excess of the amount allowed under Ohio law and that plaintiff would be unjustly enriched if it were allowed to keep this money.

The plaintiff replied to defendant's counterclaim, filed a memorandum in opposition to defendant's motion for determination of a class action and moved to amend its complaint which motion was allowed. In its amended complaint plaintiff alleged with more particularity the amounts and interest thereon which it claimed defendant owed plaintiff on the open account.

The court by judgment entry found the matter would not permit a class action and overruled defendant's motion.

In a separate judgment entry the court denied the motion to dismiss the order of attachment.

After these judgment entries were filed the defendant again moved the court for a determination of a class action. On the same date, defendant filed two appeals from the separate judgment entries of the court.

In his first appeal defendant asserts as his sole assignment of error:

"The trial court denied due process of law to defendant-appellant, and all others similarly situated, in dismissing defendant-appellant's motion to certify a class action sought in defendant-appellant's counterclaim seeking relief as a class, by doing same without notice of hearing and without affording defendant-appellant an opportunity to be heard."

Civ. R. 23 provides as pertinent:

"(A) Prerequisites to a class action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(B) Class actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:

"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

"(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or

"(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

"(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution

or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

"(C) Determination by order whether class action to be maintained; notice; judgment; actions conducted partially as class actions.

"(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

"(2) In any class action maintained under subdivision (B)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (a) the court will exclude him from the class if he so requests by a specified date; (b) the judgment, whether favorable or not, will include all members who do not request exclusion; and (c) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

"(* * *)"

Civ. R. 23 is silent on whether a hearing must be had on the determination of a class action and thus implies an evidentiary hearing is unnecessary. See 3B Moore, Federal Practice (1985), Paragraph 23.50, at 23-422.

In *Falcon* v. *General Tel. Co. of the Southwest* (C.A. 5, 1980), 626 F. 2d 369, 374, vacated on other grounds and remanded (1981), 450 U.S. 1036, the court stated:

"General alleges that the failure to hold an evidentiary hearing on the issue of certification requires reversal of the certification, citing *Satterwhite* v. *City of Greenville,* 578 F. 2d 987 (5th Cir. 1978) (en banc), *vac. and remanded,* 445 U.S. 940, 100 S. Ct. 1334, 63 L. Ed. 2d 773 (1980). Falcon says, in opposition, that such a hearing was not necessary.

"We disagree with General's contention that the failure to hold such a hearing, in itself, requires a reversal of certification. It is true that this Court has repeatedly stressed the importance and value of such an evidentiary hearing on the certification issue. *Satterwhite* v. *City of Greenville,* 578 F. 2d 987, 998 (5th Cir. 1978) (en banc), *vac. and remanded on other grounds,* 445 U.S. 940, 100 S. Ct. 1334, 63 L. Ed. 2d 773 (1980); *King* v. *Gulf Oil Co.,* 581 F. 2d 1184, 1186-87 (5th Cir. 1978); *Huff* v. *N.D. Cass Co. of Alabama,* 485 F. 2d 710 (5th Cir. 1973). But such a hearing is important only in the context of showing whether or not a class should have been certified. If later evidence shows the decision to certify to have been a correct one, there was obviously no need to have held such a hearing. *King* at 1186-87. To prevail solely on a contention that a hearing was required, an appellant must show that if a hearing had been held, it could have affected his rights substantially. That can only occur in a situation in which the district court made a decision to deny certification without a hearing, since it is only in that case that a party can show that there was a substantial issue as to certification and that he was denied an effective opportunity to litigate it. * * *"

Defendant has failed to show that if a hearing had been held, it could have affected his rights substantially. The original suit was one by a plaintiff-creditor against a defendant-debtor. The defendant-debtor then asked for determination of a class action on

behalf of himself and all others similarly situated. Defendant stated that the others number approximately one thousand and it was therefore impracticable to bring them all before the court; that there were questions of law or fact presented which were common to the entire class of persons situated similarly to defendant; that the claim of defendant was typical of the claims of the class; and that defendant would fairly and adequately protect the interest of the class.

Defendant further stated that he was a customer of the plaintiff and that plaintiff extended credit for retail purchases to defendant and to all members of the class on open accounts. Defendant alleged that plaintiff charged, and was continuing to charge, defendant and the members of the purported class an interest rate in excess of ten percent per annum upon the balance of the accounts in violation of R.C. 1343.04. Defendant stated that the members of the class had been members of such a class for varying periods of time.

As per R.C. 1343.01, there are instances when the parties may agree to pay a rate of interest in excess of the maximum rate. Thus, the underlying action is not subject to certification since the claim of each member would have to be determined on the facts and circumstances of each particular case.

We conclude that the trial court was not in error in failing to hold a hearing on the motion for determination of a class action.

Defendant's assignment of error in the first case on appeal is not well-taken.

Appellant asserts three assignments of error in the second appeal.

Assignment of error number one:

"The trial court erred in permitting an ex parte prejudgment order of attachment to stand in that the complaint, motion and affidavit in support of the plaintiff-appellee's prejudgment order of attachment are based upon mere belief and * * * [fail] to set forth specific reasons demonstrating how plaintiff-appellee * * * [would have suffered] irreparable harm [if a] prejudgment [order had not been issued]."

Assignment of error number two:

"The trial court erred in failing to dismiss and dissolve an ex parte prejudgment order of attachment in that plaintiff-appellee's complaint and annexed affidavit failed to demonstrate and meet the probable cause standard set forth in Revised Code Section 2715.011 as a portion of plaintiff-appellee's claim was barred by the statute of limitations."

Assignment of error number three:

"The trial court erred in permitting an ex parte prejudgment order of attachment to stand upon defendant-appellant's motion to discharge same as the clerk of courts cannot issue an order for attachment, and such an order of attachment issued by the clerk of courts is void and without legal effect."

R.C. 2715.03 provides:

"A plaintiff in an action for the recovery of money, upon or at any time after the commencement of the action, may apply to the court by written motion for the attachment of property, other than personal earnings, of the defendant. The motion shall have attached to it the affidavit of the plaintiff, his agent, or attorney, which shall set forth all of the following:

"(A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;

"(B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;

"(C) A description of the property sought and its approximate value, if known;

"(D) To the best of plaintiff's

knowledge, the location of the property;

"(E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the property and that the property is not exempt from attachment or execution[;]

"(F) If the property sought is in the possession of a third person, the name of the person possessing the property."

The affidavit of plaintiff's attorney was attached to the motion for attachment and provides:

"James W. Pry, II, being first duly sworn, says:

"1. He is the Attorney for the Plaintiff in this civil action for the recovery of money.

"2. The claim for relief in this action is upon an account owed [to] Plaintiff by Defendant and further is for damage done to Plaintiff's property by Defendant.

"3. The amount of Plaintiff's claim is Eleven Thousand Five Hundred Seventy-Three Dollars and Forty-Nine Cents ($11,573.49).

"4. The property to be attached is Defendant's equitable interest or the cash proceeds from the sale of Defendant's equitable interest in a certain land installment contract which is recorded in the Office of the Recorder of Seneca County, Ohio at Mortgage Volume 338, Page 847, a copy of said land installment contract being attached hereto as Exhibit A.

"5. The approximate value of the property is Fifteen Thousand Dollars ($15,000.00).

"6. To the best of affiant's knowledge, the proceeds of the sale of the property will be held by escrow agent, Terry L. Gernert, Attorney At Law, Farmers Citizens Bank Building, Bucyrus, Ohio.

"7. The real property in question has been sold and to the best of affiant's knowledge, the transaction is scheduled to close on the 8th day of April, 1985.

"8. To the best of affiant's knowledge, upon investigation by the affiant, the Defendant has removed himself from the jurisdiction of the Court and may now be residing in Franklin County, Ohio and furthermore, may be about to remove said property out of the jurisdiction of the Court.

"9. That the property sought is not exempt from attachment to the best of affiant's knowledge.

"10. The affiant believes that, due to the relationship between the parties and the previous representations of the Defendant, there is present danger that the property will be immediately disposed of, concealed, placed beyond the jurisdiction of the Court and that Plaintiff will suffer irreparable injury if the order of attachment is delayed until the Defendant is given an opportunity for a hearing."

R.C. 2715.01 lists the grounds of attachment and provides as pertinent:

"(A) An attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement, upon any one of the following grounds:

"* * *

"(6) That the defendant is about to remove his property, in whole or part, out of the jurisdiction of the court, with the intent to defraud his creditors;

"(7) That the defendant is about to convert his property, in whole or part, into money, for the purpose of placing it beyond the reach of his creditors;

"(8) That the defendant has property or rights in action, which he conceals;

"(9) That the defendant has assigned, removed, disposed of, or is

about to dispose of, his property, in whole or part, with the intent to defraud his creditors;

"* * *"
.

R.C. 2715.045 deals with attachment without hearing where the plaintiff will suffer irreparable injury. The statute provides as pertinent:

"(A) Upon the filing of a motion for attachment, the court may issue an order of attachment without issuing notice to the defendant against whom the motion was filed and without conducting a hearing if the court finds that there is probable cause to support the motion and that the plaintiff that filed the motion for attachment will suffer irreparable injury if the order is delayed until the defendant against whom the motion has been filed has been given the opportunity for a hearing. The court's findings shall be based upon the motion and affidavit filed pursuant to section 2715.03 of the Revised Code and any other relevant evidence that it may wish to consider.

"(B) A finding by the court that the plaintiff will suffer irreparable injury may be made only if the court finds the existence of either of the following circumstances:

"(1) There is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court;

"(2) The value of the property will be impaired substantially if the issuance of an order of attachment is delayed.

"* * *"

The affidavit sets forth the affiant's belief, as opposed to an affirmative representation, that there is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court and that the plaintiff will suffer irreparable injury if the order of attachment is delayed until the defen-

dant is given an opportunity for a hearing.

In 24 Ohio Jurisprudence 3d (1980) 136, 136-137, Creditors' Rights, Section 411, it is stated:

"* * * An affidavit merely setting forth the belief of the plaintiff or his agent that the debt for which the suit was brought was fraudulently contracted is insufficient, at least where the affidavit does not state any facts on which such belief is founded. * * *" (Footnote omitted.)

Here, the balance of the affidavit contains sufficient facts upon which the affiant bases his belief.

We conclude that the trial court was correct in permitting the ex parte prejudgment order of attachment to stand since the affidavit supporting the motion for attachment was valid.

Appellant's first assignment of error is not well-taken.

R.C. 2715.011(A) provides as pertinent:

"As used in this chapter:

"(A) 'Probable cause to support the motion' means that it is likely that a plaintiff who files a motion for attachment pursuant to section 2715.03 of the Revised Code will obtain judgment against the defendant against whom the motion was filed that entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion."

The appellant asserts that the plaintiff's claim for property damage to a tractor is barred by the statute of limitations since the damage occurred in August 1980 and the plaintiff's cause of action was commenced in April 1985.

R.C. 2305.10 provides as pertinent:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Appellant also asserts that since

the claim for property damage is barred by the statute of limitations the writ of attachment should be dissolved.

Even though the cause of action alleging property damage is barred by the statute of limitations the plaintiff's cause of action on the open account sufficiently satisfies the probable cause standard of R.C. 2715.011(A). Plaintiff may still obtain judgment on the open account against the defendant which would entitle plaintiff to satisfy that judgment out of the property that is the subject of the motion for attachment.

We conclude that the trial court did not err in failing to dismiss and dissolve the ex parte prejudgment order of attachment since the complaint and affidavit met the probable cause standard of R.C. 2715.011 even though a portion of plaintiff's claim was barred by the statute of limitations.

Defendant's second assignment of error is not well-taken.

R.C. 2715.045(C)(1) provides as pertinent:

"Upon the issuance by a court of an order of attachment without notice and hearing pursuant to this section, the plaintiff shall file the order with the clerk of the court, together with a praecipe instructing the clerk to issue to the defendant against whom the order was issued a copy of the motion, affidavit, and order of attachment, and a notice that an order of attachment was issued and that the defendant has a right to a hearing on the matter. The clerk then immediately shall serve upon the defendant, in the manner provided by the Rules of Civil Procedure for service of process, a copy of the complaint and summons, if not previously served, a copy of the motion, affidavit, and order of attachment, and the following notice:
"[* * *]"

In its judgment entry ordering the attachment of property the court stated:

"This matter came on for hearing upon Plaintiff's motion for an order of attachment and the affidavit of Counsel for Plaintiff and upon consideration of the foregoing, the Court finds that there is probable cause to support the motion and Plaintiff will suffer irreparable injury if the order is delayed until Defendant has been given an opportunity for hearing. The Court finds further that the property will be disposed of, concealed or placed beyond the jursdiction of the Court by Defendant.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

"1. The Clerk of this Court shall issue forthwith an order of attachment consistent with Plaintiff's motion and affidavit.

"2. The Clerk shall forthwith serve upon Defendant the materials filed by Plaintiff in accordance with Revised Code Section 2715.045."

The order for attachment of property signed by the Clerk of Courts of Crawford County provides:

"TO THE SHERIFF OF CRAWFORD COUNTY, OHIO:

"You are directed to attach the following property of the Defendant:

"The equitable interest of the Defendant or the cash proceeds from the sale of the equitable interest in a certain land contract being recorded in the Office of the Recorder of Seneca County, Ohio at Mortgage Volume 338, Page 847, a copy of said contract being attached hereto and incorporated herein as Exhibit A. Said property is in the possession of Escrow Agent, Terry L. Gernert, Attorney at Law, Farmers Citizens Bank Building, Bucyrus, Ohio.

"You are further directed to make return on this order to the Court

within twenty (20) days after the issuance hereof.

"Defendant may retain or recover the above property by filing a bond in the amount of Thirty Thousand Dollars ($30,000.00)."

Both the judgment entry and the order of attachment were filed on the same date and at the same time. The trial judge ordered the clerk of courts to issue the order of attachment and, by doing so, the clerk of courts acted at the direction of the trial court, doing only a ministerial act at the direction of the trial court.

Paragraph one of the syllabus of *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107, 41 O.O. 2d 412, 233 N.E. 2d 137, states:

"In order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal. (Paragraph one of the syllabus of *Ohio Life Insurance and Trust Co.* v. *Goodin*, 10 Ohio St. 557, approved and followed.)"

We conclude that the clerk's signing of the order of attachment at the request of the trial judge was not prejudicial to defendant. Nor does it require reversal of the trial court's judgment.

Defendant's third assignment of error is not well-taken.

Finding no error of the trial court prejudicial to defendant, as assigned and argued, we affirm the judgments of the Court of Common Pleas of Crawford County.

*Judgments affirmed.*

COLE, P.J., and GUERNSEY, J., concur.

GUERNSEY, J., retired, of the Third Appellate District, sitting by assignment.