[Cite as *State ex rel. Yost v. FirstEnergy Corp.*, 2022-Ohio-3400.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Dave Yost,<br>Ohio Attorney General, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 21AP-443 |
| | : | (C.P.C. No. 20CV-6281) |
| FirstEnergy Corp. et al., | : | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees, | : | |
| | : | |
| [Samuel C. Randazzo and Sustainability<br>Funding Alliance of Ohio, Inc., | : | |
| | : | |
| Defendants-Appellants]. | : | |
| City of Cincinnati and City of Columbus, | : | |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | |
| v. | : | No. 21AP-444 |
| | : | (C.P.C. No. 20CV-7005) |
| FirstEnergy Corp. et al., | : | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees, | : | |
| | : | |
| [Samuel C. Randazzo and Sustainability<br>Funding Alliance of Ohio, Inc., | : | |
| | : | |
| Defendants-Appellants]. | : | |
| | : | |
| State of Ohio ex rel. Dave Yost,<br>Ohio Attorney General, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | No. 21AP-445 |
| | : | (C.P.C. No. 20CV-7386) |
| Energy Harbor Corp. et al., | : | |
| | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees, | : | |
| | : | |
| [Samuel C. Randazzo and Sustainability<br>Funding Alliance of Ohio, Inc., | : | |
| | : | |
| Defendants-Appellants]. | : | |
| | : | |

---

D E C I S I O N

Rendered on September 27, 2022

---

**On brief:** *Dave Yost,* Attorney General, *Charles M. Miller, Jonathan D. Blanton, L. Martin Cordero, Margaret O'Shea, and Bradford Tammaro,* for plaintiffs-appellees. **Argued:** *Charles M. Miller*.

**On brief:** *Roger P. Sugarman*, *Allen Stovall Neuman & Ashton LLP, Richard K. Stovall, Jeffrey R. Corcoran*, and *Tom Shafirstein*, for defendants-appellants. **Argued:** *Roger P. Sugarman.*

---

APPEALS from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendants-appellants, Samuel C. Randazzo ("Randazzo") and Sustainability Funding Alliance of Ohio, Inc. ("SFAO") (collectively, "appellants"), appeal from three orders issued by the Franklin County Court of Common Pleas: the August 12, 2021 Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Property Other than Personal Earnings; the August 12, 2021 Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Accounts of Property Other than Personal Earnings; and the August 23, 2021 Order denying the Defendants' Motion to Vacate the Attachment Orders and the related garnishment orders. For the reasons that follow, we reverse and vacate the orders.

## I. Facts and Procedural History

{¶ 2} This dispute arises out of litigation initiated by plaintiff-appellee, the State of Ohio ex rel. Dave Yost (the "State"), against multiple defendants in connection with the passage of HB 6 of the 133rd General Assembly. The matters before this court, however, involve discrete issues concerning pre-judgment attachments orders issued ex parte

pursuant to R.C. 2715, et seq., and post judgment garnishment orders issued pursuant to Chapter 2716.

**{¶ 3}** The facts and procedural events pertinent to this appeal are not in dispute. For ease of reference, these are set forth in the following timeline:

- September 23, 2020–The State initiates the first of three cases by filing a complaint against FirstEnergy and multiple other defendants.
- October 27, 2020–City of Cincinnati and City of Columbus file a complaint against FirstEnergy and multiple other defendants.
- November 13, 2020–The State files a complaint against Energy Harbor Corporation and multiple other defendants.
- December 14, 2020–All three of the foregoing cases are consolidated. (Dec. 14, 2020 Order of Consolidation.)
- February 8, 2021–Trial court enters agreed order stating the three consolidated cases are "STAYED in all respects pending final resolution of all criminal proceedings in *USA v. Householder et al.*, Case No. 1:20-cr-00077-TSB (S.D. Ohio)." (Feb. 8, 2021 Agreed Order)
- August 5, 2021–The State files a motion for leave to file a second[1] amended complaint to add appellants and other parties as defendants, attaching as an exhibit a copy of the proposed second amended complaint. (Aug. 5, 2021 Mot. for Leave to Amend Compl.; Ex. A.)
- August 12, 2021–The State moves, ex parte, for an order attaching certain property of appellants in the form of accounts held with various entities. (Aug. 12, 2021[2] Ex-Parte Mot. for Prejudgment Attachment.) The motion was supported by the affidavit of Charles M. Miller, counsel for the State. (Aug. 12, 2021 Aff. of Charles M. Miller.)
- August 11, 2021–Trial court holds hearing on the State's Ex-Parte Motion for Prejudgment Attachment, grants the motion at the conclusion of the hearing, and orders the State to submit a proposed order. (Aug. 11, 2021 Tr.

---

[1] The State had already filed a First Amended Complaint as of right early in the litigation.

[2] The State did not file its ex parte motion until the day after it was presented to the court and heard.

at 10-12.) Trial court further states it will "permit the Attorney General's Office to file an amended complaint naming Randazzo as a named defendant in the hearings or in the cases that are scheduled in 20-6281 and 20-7386, and allow him to be added as a party in that case, as well." *Id.* at 11. It is undisputed that appellants were not provided notice of the hearing.

- August 11, 2021–Trial court approves and manually signs two orders granting the ex-parte motion for pre-judgment attachment presented by the State: one is titled Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Property Other Than Personal Earnings (hereinafter "Aug. 12, 2021 Attachment Order No. 1") and the other is titled Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Accounts at Property Other Than Personal Earnings (hereinafter "Aug. 12, 2021 Attachment Order No. 2").

- August 12, 2021–Aug. 12, 2021 Attachment Order No. 1 and Aug. 12, 2021 Attachment Order No. 2 are filed with the Clerk of the Franklin County Common Pleas Court. Aug. 12, 2021 Attachment Order No. 2 provides for attachment against the property of appellants to "satisfy State of Ohio/plaintiff's claim in the amount of $8,000,000.00."

- August 12, 2021–Trial court signs three post judgment garnishment orders: one issued to JP Morgan Chase, one issued to Charles Schwab, and one issued to Huntington Bank. Each of the garnishment orders is supported by an affidavit of Charles M. Miller stating that the State as judgment creditor has "recovered or certified a judgment in the Common Pleas Court of Franklin County, Ohio against the judgment debtor named above," with the judgment debtor identified as "First Energy Corp., et al.," and the amount of the judgment as $8,000,000.00. (Aug. 12, 2021 Garnishment Orders.)

- August 12, 2021–Aug. 12, 2021 Garnishment Orders are filed with the Clerk.

- August 13, 2021–Order Granting Motion of Plaintiff State of Ohio ex rel. Dave Yost, Ohio Attorney General for Leave to Amend Complaint *Instanter* is electronically signed by the trial court and is electronically filed with the Clerk. (Order Granting Leave to Amend.)

- August 17, 2021, 10:18 a.m.–State files Second Amended Complaint.

- August 17, 2021, 10:47 a.m.–Appellants' file Motion to Vacate the August 12, 2021 Orders of Attachment and the Order and Notice of Garnishment and Request for Expedited Consideration. (Mot. to Vacate.)

- August 17, 2021, 3:42 p.m.–State files Affidavit Supplementing Plaintiff's Motion for Prejudgment Attachment and Order Entered August 12, 2021. (Aug. 17, 2021 Supp. Aff. of Charles M. Miller.)

- August 23, 2021–Trial Court holds hearing[3] on Motion to Vacate and denies the motion at the conclusion. (Aug. 23, 2021 Tr. at 35.)

- August 23, 2021–Order denying Motion to Vacate is electronically signed by the trial court and is electronically filed with the Clerk. (Order Denying Mot. to Vacate.) The order states, in pertinent part:

    > The Court finds that Randazzo is a party to [these] case[s] as of August 5, 2021, that pre-judgment attachment is proper under R.C. 2715.01 and R.C. 2715.045, and that garnishment is the appropriate means to secure the property under R.C. 2715.09, given the liquid nature of the assets."

(Order Denying Mot. to Vacate at 2.)

- September 8, 2021–Randazzo is served with the Second Amended Complaint.

- September 9, 2021–SFAO is served with the Second Amended Complaint.

{¶ 4} On September 7, 2021, appellants filed this timely appeal.

## II. Assignments of Error

{¶ 5} Appellants assert the following three assignments of error for our review:

> [I.] The trial court erred in entering the August 12, 2021 Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Property Other than Personal Earnings.

> [II.] The trial court erred in entering the August 12, 2021 Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Accounts of Property Other than Personal Earnings.

---

[3] The hearing was conducted via "Zoom," apparently due to ongoing COVID-19 protocols.

[III.] The trial court erred in its August 23, 2021 Order denying the Appellants' Motion to Vacate the Attachment Orders and the related garnishment orders.

## III. Law and Analysis

### A. Standards of Review

{¶ 6} Appellants' assignments of error are all interrelated, and we therefore review them together. We review appellants' arguments implicating issues of statutory construction, which are issues of law, under a de novo standard of review. *State v. Hughes*, 10th Dist. No. 19AP-385, 2020-Ohio-3382, ¶ 7, citing *Clark v. State Teachers Retirement Sys.*, 10th Dist. No. 18AP-105, 2018-Ohio-4680, ¶ 16, citing *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 18. "When conducting such a review, an appellate court does not defer to the trial court's determination." *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 33, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721 (9th Dist.2001), citing *State v. Sufronko*, 105 Ohio App.3d 504, 506, (4th Dist.1995).

{¶ 7} In contrast, we review appellants' arguments concerning the propriety of the issuance of the attachment orders and garnishment orders, which are premised on factual findings, for abuse of discretion. *See Reywal Co. v. Dublin*, 10th Dist. No. 15AP-635, 2017-Ohio-367, ¶ 9, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 8; *Americare Healthcare Servs., LLC v. Akabuaku*, 10th Dist. No. 12AP-917, 2013-Ohio-3013, ¶ 9 ("While questions of statutory interpretation may be reviewed de novo, the factual findings underlying those determinations are reviewed for abuse of discretion."). An "abuse of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 23. Importantly, "[a]buse-of-

discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34. Nevertheless, we are mindful that no court has the authority, within its discretion, to commit an error of law. *State v. Boone*, 10th Dist. No. 16AP-387, 2017-Ohio-843, ¶ 9, citing *State v. Moncrief*, 10th Dist. No. 13AP-391, 2013-Ohio-4571, ¶ 7. Furthermore, a trial court abuses its discretion when it fails to engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

### B. Discussion

#### 1. Prejudgment Attachment and Garnishment Proceedings

**{¶ 8}** Prejudgment attachment is a statutory proceeding in rem against tangible property within the territorial jurisdiction of the court where the action is brought. *St. John v. Parsons*, 54 Ohio App. 420 (6th Dist.1936), citing *Oil Well Supply Co. v. Koen*, 64 Ohio St. 422, 429 (1901). Prejudgment attachment is only authorized under certain prescribed circumstances. R.C. 2715.01. "Statutes authorizing prejudgment attachment of property present a careful balance between the need of creditors for a means to enforce their rights and the constitutional protection of debtors against deprivation of property without due process." *Schofield v. Benton*, 10th Dist. No. 92AP-161, 1992 Ohio App. LEXIS 4275, citing *Peebles v. Clement*, 63 Ohio St.2d 314 (1980). "In the usual case, R.C. Chapter 2715 protects debtors by providing a hearing before the attachment of property." *Id.* Thus, prejudgment attachment of a defendant's property or assets without hearing or notice is an extraordinary remedy, "and the plaintiff has a 'heavy burden' in establishing its entitlement" to such relief. *Zeeb Holdings, LLC v. Johnson*, 552 F.Supp. 3d 709, 711 (N.D.Ohio 2021), quoting *Data*

*Processing Sciences Corp. v Lumenate Technologies, LP*, No. 1:16-cv-295, 2016 U.S. Dist. LEXIS 73385, *3 (S.D.Ohio 2016); *see also Schofield*; R.C. 2715.045.

{¶ 9} R.C. 2715.01(A) governs the procedure for obtaining prejudgment attachment of property other than personal earnings and provides, in pertinent part, as follows:

> (A) An attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement, upon any one of the following grounds:
>
> * * *
>
> (7) That the defendant is about to convert property, in whole or part, into money, for the purpose of placing it beyond the reach of creditors;
>
> * * *
>
> (9) That the defendant has assigned, removed, disposed of, or is about to dispose of, property, in whole or part, with the intent to defraud creditors;
>
> (10) That the defendant has fraudulently or criminally contracted the debt, or incurred the obligations for which suit is about to be or has been brought;

{¶ 10} Under R.C. 2715.03, a motion for prejudgment attachment shall include an affidavit on behalf of the plaintiff, setting forth the following:

> (A) The nature and amount of the plaintiff's claim, and if the claim is based upon a written instrument, a copy of that instrument;
>
> (B) The facts that support at least one of the grounds for an attachment contained in section 2715.01 of the Revised Code;
>
> (C) A description of the property sought and its approximate value, if known;
>
> (D) To the best of plaintiff's knowledge, the location of the property;
>
> (E) To the best of the plaintiff's knowledge, after reasonable investigation, the use to which the defendant has put the

property and that the property is not exempt from attachment or execution [and;]

(F) If the property sought is in the possession of a third person, the name of the person possessing the property.

{¶ 11} R.C. 2715.045 governs the issuance of prejudgment attachment orders ex parte, and provides, in pertinent part, as follows:

(A) Upon the filing of a motion for attachment, a court may issue an order of attachment without issuing notice to the defendant against whom the motion was filed and without conducting a hearing if the court finds that there is probable cause to support the motion and that the plaintiff that filed the motion for attachment will suffer irreparable injury if the order is delayed until the defendant against whom the motion has been filed has been given the opportunity for a hearing. The court's findings shall be based upon the motion and affidavit filed pursuant to section 2715.03 of the Revised Code and any other relevant evidence that it may wish to consider.

(B) A finding by the court that the plaintiff will suffer irreparable injury may be made only if the court finds the existence of either of the following circumstances:

(1) There is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court.

(2) The value of the property will be impaired substantially if the issuance of an order of attachment is delayed.

(C)(1) Upon the issuance by a court of an order of attachment without notice and hearing pursuant to this section, the plaintiff shall file the order with the clerk of the court, together with a praecipe instructing the clerk to issue to the defendant against whom the order was issued a copy of the motion, affidavit, and order of attachment, and a notice that an order of attachment was issued and that the defendant has a right to a hearing on the matter. The clerk then immediately shall serve upon the defendant, in the manner provided by the Rules of Civil Procedure for service of process, a copy of the complaint and summons, if not previously served, a copy of the motion, affidavit, and order of attachment, and the following notice:

(Name and Address of the Court)

(Case Caption) Case No. _____

NOTICE

You are hereby notified that this court has issued an order in the above case in favor of (name and address of plaintiff), the plaintiff in this proceeding, directing that property now in your possession, be taken from you. This order was issued on the basis of the plaintiff's claim against you as indicated in the documents that are enclosed with this notice.

* * *

(D) The defendant may receive a hearing in accordance with section 2715.03[4] of the Revised Code by delivering a written request for hearing to the court within five business days after receipt of the notice provided pursuant to division (C) of this section.

{¶ 12} Regarding prejudgment garnishment proceedings, R.C. 2715.01(D) provides as follows:

(D) An attachment against the property, other than personal earnings, of a defendant may be accomplished prior to the entry of judgment only pursuant to an attachment proceeding under this chapter.

An attachment against the property, other than personal earnings, of a defendant that is in the possession of another person, may be accomplished prior to the entry of judgment only pursuant to a garnishment proceeding under section 2715.091 of the Revised Code and related provisions of this chapter.

In turn, R.C. 2715.091, titled "Leaving notice of attachment and copy of order with garnishee" provides, in pertinent part, as follows:

(A) When the plaintiff, his agent, or attorney, in the affidavit accompanying a motion for attachment filed under section 2715.03 of the Revised Code, states that he has good reason to believe, and does believe, that a person named in the affidavit has property of the defendant other than personal earnings in his possession, ***and the levying officer attempts to get possession of such property but cannot do so, he shall leave with the person a copy of the order of attachment, with a written notice that he appear in court and answer,*** as provided in

---

[4] This appears to be a typographical error in the code because the code section governing a defendant's request for a hearing is actually R.C. 2711.04.

> section 2715.29 of the Revised Code. The person is the garnishee and the proceeding in relation to the garnishee is a garnishment proceeding * * *.
>
> If the garnishee is a corporation, a copy of the order and notice shall be left with an officer or a managing or general agent of the corporation * * *.

(Emphasis added.) " 'Levying officer' means the sheriff, another authorized law enforcement officer, or a bailiff who is ordered by the court to take possession of property under an order of attachment." R.C. 2715.011(B).

### 2. Appellants' Arguments

{¶ 13} With the foregoing statutory framework in mind, we turn to appellants' arguments. Appellants assert four reasons why the attachment orders were improperly issued and should be vacated: (1) that pursuant to R.C. 2715.01(A), pre-judgment attachment is only permissible at or after commencement of the action, and in this case the action against appellants had not yet commenced when the attachment orders were issued; (2) that the affidavit submitted in support of the motion was deficient because it was based solely upon information and belief rather than on personal knowledge; (3) that the trial court abused its discretion in finding the requisite "irreparable injury" pursuant to R.C. 2715.045(A) and (B); and (4) the State failed to post a bond with the court as required by R.C. 2715.044. Appellants also assert the trial court erred in failing to follow the proper procedure for prejudgment garnishment and issuing post judgment garnishments orders prior to an entry of judgment.

{¶ 14} We find no merit to the first, second, and fourth grounds presented by appellants for vacating the attachment orders. We agree, however, with appellants' third ground for vacating the attachment orders and further agree with appellants' contention that the garnishment orders were issued in error, all as explained below.

### a. Commencement of the Action

{¶ 15} Regarding the issue of commencement of the action, we reject appellants' position that the action against appellants in this case had not yet commenced at the time the attachment orders were issued. As noted previously in our recitation of the procedural history of this matter, on August 5, 2021 the State filed a motion for leave to file a second amended complaint to add appellants as defendants and attached as an exhibit a copy of the proposed second amended complaint. On August 11, 2021, the trial court orally granted the motion for leave to amend at the ex parte hearing on the motion for prejudgment attachment, and on August 13, 2021 the trial court journalized its order granting the motion for leave to amend.

{¶ 16} We observe that several of our sister appellate courts have found that a motion for leave to file an amended complaint that includes the proposed amended complaint as an exhibit or attachment constitutes filing the amended complaint, so long as the motion for leave is ultimately granted. *Scott v. McCluskey*, 9th Dist. No. 25838, 2012-Ohio-2484, ¶ 29 ("an amended complaint that is filed with the clerk of courts as an attachment to a motion for leave to amend is deemed filed as of the date the motion was filed, provided the trial court grants the motion"); *Guerrero v. C.H.P. Inc.*, 8th Dist. No. 78484, (Aug. 16, 2001) (same); *Trosin v. International Harvester Co.*, 6th Dist. No. WD-86-37, 1986 Ohio App. LEXIS 8794 (Oct. 24, 1986) (same). Federal courts have also held that a motion for leave to file an amended complaint with the attached proposed amended complaint constitutes filing the amended complaint. *Mayes v. AT&T Information Sys.*, 867 F.2d 1172 (6th Cir.1989); *Chaddock v. Johns-Manville Sales Corp.*, 577 F.Supp. 937 (S.D.Ohio 1984); *Cannon v. Metcalfe*, 458 F.Supp. 843 (E.D.Tenn.1977).

{¶ 17} We find the foregoing authorities persuasive.[5] Accordingly, we find that the action against appellants commenced on August 5, 2021—the date the motion for leave to amend was filed with a copy of the proposed amended complaint attached—because the trial court orally granted the motion for leave to amend on August 11, 2021. Therefore, when the attachment orders were issued on August 11, 2021 by the trial court manually signing the orders at the conclusion of the ex parte hearing, the action against appellants had commenced as required by R.C. 2715.01(A).

### b.  Affidavit Submitted in Support of Motion

{¶ 18} Next, we turn to appellants' contention that the affidavit submitted in support of the motion for prejudgment attachment was deficient because it was based solely upon information and belief rather than on personal knowledge. This contention has no merit.

{¶ 19} As set forth above, R.C. 2715.03 provides that a motion for prejudgment attachment "shall include an affidavit on behalf of the plaintiff" setting forth the information designated in R.C. 2715.03(A) through (E). The statute contains no language evincing a requirement that the affidavit be premised on "personal knowledge." Furthermore, the language of three of the sections overtly belies any requirement that the information set forth be based on personal knowledge. Specifically, R.C. 2715.03(C) requires that the affidavit contain "[a] description of the property sought and its approximate value, *if known*"; R.C. 2715.03(D) requires that the affidavit contain "[t]*o the best of the plaintiff's knowledge*, the location of the property"; and R.C. 2715.03(E) requires

---

[5] This court has not previously spoken directly on this issue, although it was briefly touched upon in *Meeker v. American Torque Rod of Ohio Inc.*, 79 Ohio App.3d 514 (10th Dist.1992). In *Meeker*, a former employee amended his complaint against his former employer alleging work-related chemical exposure to add product liability claims against the manufacturers of the chemicals. We analyzed the application of the discovery rule for purposes of determining the date the statute of limitations began to run. Via footnote, we mentioned that, although the plaintiff had "filed his motion for leave to amend on August 4, [he] did not file his amended complaint until August 8," that is, the day the trial court granted leave to amend the complaint. *Id*. at 520 fn.2. It is not clear from our decision, however, whether the plaintiff had attached his amended complaint as an exhibit to his motion for leave, and we did not engage in an analysis of that question. *Id*. at 515-16.

that the affidavit contain "[t]*o the best of the plaintiff's knowledge, after reasonable investigation,* the use to which the defendant has put the property and that the property is not exempt from attachment or execution." (Emphasis added.)  There is no material difference between an affidavit premised on "information and belief" and an affidavit premised on "the best of plaintiff's knowledge," which is what is required by the statute. Thus, simply put, the plain language of the statute makes clear there is no requirement that the affidavit submitted in support of a motion for prejudgment attachment be based on personal knowledge.

{¶ 20}  In addition, although this court has not addressed this issue as it pertains to the current version of Ohio's prejudgment attachment statute,[6] other courts in Ohio that have addressed it have found that an affidavit submitted in support of prejudgment attachment need not be based on personal knowledge.  *See Johnson & Hardin Co. v. DME Ltd.*, 103 Ohio App.3d 377, 388 (12th Dist.1995) (finding no error in denying a motion to vacate an attachment order supported by an affidavit based on affiant's statement that the information submitted was "[t]o the best of [affiant's] knowledge and belief"); *Kalmbach Feeds, Inc. v. Lust*, 36 Ohio App.3d 186, 191 (3d Dist.1987) (affirming the trial court's ex parte prejudgment attachment order despite that "the affidavit sets forth the affiant's belief, as opposed to an affirmative representation" because the affidavit included sufficient facts upon which the affiant based his belief).

{¶ 21}  We agree with these authorities on this point and based on the foregoing discussion and the clear language of R.C. 2715.03 itself, we reject appellants' argument that

---

[6] The previous version of R.C. Chapter 2715 was held to be unconstitutional by the Supreme Court of Ohio in *Peebles v. Clement*, 63 Ohio St.2d 314 (1980), for failing to comply with due process because the attachment process under the previous version did not require judicial supervision.  *Id.* at paragraph two of the syllabus. After *Peebles* was decided, R.C. Chapter 2715 was amended to comply with the requirements of due process.

the affidavit submitted by the State in this case was deficient merely because it was based on information and belief.

### c. Posting of Bond

{¶ 22} Finally, appellants' contention that the attachment orders are void because the State failed to post a bond with the court as required by R.C. 2715.044 is entirely without merit. This is so because pursuant to R.C. 109.19, "[n]o undertaking or security is required on behalf of the state or an officer thereof, in the prosecution or defense of any action, writ, or proceeding." An " '[u]ndertaking' includes a bond." R.C. 1.02(E). Thus, no bond was required to be posted in this case.

### d. Irreparable Injury Under R.C. 2715.045

{¶ 23} Notwithstanding the foregoing discussion, we agree with appellants that the trial court abused its discretion, and therefore erred, in issuing the ex parte attachment orders and garnishment orders, and further erred when it denied appellants' motion to vacate the attachment orders and related garnishment orders. More specifically, as explained below, we find the trial court failed to engage in a sound reasoning process in reaching its conclusion that the State would suffer irreparable injury if the attachment orders were delayed until appellants had been given the opportunity for a hearing, and the trial court further erred in denying appellants' motion to vacate the orders because the State failed to provide sufficient evidence to meet the requirements of R.C. 2715.045.

{¶ 24} As set forth above, an ex parte order for prejudgment attachment may be issued only "if the court finds that there is probable cause to support the motion and that the plaintiff that filed the motion for attachment will suffer irreparable injury if the order is delayed until the defendant against whom the motion has been filed has been given the opportunity for a hearing." R.C. 2715.045(A). In turn, "[a] finding by the court that the plaintiff will suffer irreparable injury may be made only if the court finds the existence of

either * * * (1) present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court" or (2) that "[t]he value of the property will be impaired substantially if the issuance of an order of attachment is delayed." R.C. 2715.045(B)(1) and (2). The term "probable cause to support the motion" as used in R.C. 2715.045(A) "means that it is likely that a plaintiff who files a motion for attachment pursuant to section 2715.03 of the Revised Code will obtain judgment against the defendant against whom the motion was filed that entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion." R.C. 2715.011(A).

{¶ 25} In this case, the order granting the State's ex parte motion for prejudgment attachment provided, in its entirety, as follows:

> Plaintiff's motion for attachment was considered ex-parte at 3:00 p.m. on Wednesday, August 11, 2021. For the reasons in Plaintiff's motion, the motion is sustained. Plaintiff shall submit orders for attachment of the various property, other than personal earnings, of Defendants.

(Aug. 12, 2021 Attachment Order No. 1 at 1.)

{¶ 26} In its ex parte motion for prejudgment attachment, the State asserted that prejudgment attachment was appropriate for three independent reasons: (1) the obligations of appellants being pursued by the State arise from criminal conduct; (2) "after the FBI raid, Randazzo simply gave away a house worth over $500,000"; and (3) Randazzo had sold four other parcels of real estate worth 4.8 million dollars, "with the purpose of placing it beyond the reach of creditors." (Aug. 12, 2021 Ex-Parte Mot. for Prejudgment Attachment at 5.) The State further asserted the motion should be granted ex parte because the combination of "Randazzo's criminal conduct, giving away of a house, and liquidating nearly $5 million of real estate, means that 'there is present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the court,' " so as to meet the requirement set forth in R.C. 2715.045(B)(1). *Id.* Finally, the State argued

that the proceeds of the real estate transactions had been transferred to a brokerage account and "[t]hat money can be wired anywhere in the world on a moment's notice to avoid attachment if this Court were to afford him with notice" and/or "could immediately be wired or transferred to accounts of third parties, such as Randazzo's wife, her trust account, or to his son (to whom Randazzo already transferred a house)." *Id.* at 6. In support of the motion, the State submitted the affidavit of Charles M. Miller, who attested that "[t]hese transfers and sales are all being done to shield [Randazzo's] $4.3 million of criminal proceeds and his other assets from collection on the debt to the State of Ohio for being a corrupt public official" and that "I believe the above facts justify attachment, pursuant to at least one ground contained in R.C. 2715.01, which I have reviewed." (Miller Aff. at ¶ 9 and10.)

{¶ 27} The transcript of the ex parte hearing on the State's motion indicates the hearing spanned 12 minutes. At the hearing, counsel for the State made essentially the same arguments it had presented in its motion, but additionally argued that Randazzo had specifically engaged in at least one fraudulent transfer. The following exchange between counsel for the State and the trial court occurred:

> THE COURT: Is the State of Ohio alleging that Mr. Randazzo has conveyed certain property fraudulently or illegally? Is that the concern, I guess, from the State?
>
> MR. MILLER: Yes, Your Honor. There are three concerns with respect to this. And one is that, specifically, that property is 1788 West 3rd Avenue in Columbus. In February of this year, he transferred that - - and his wife transferred that - - to their son without value paid up for that.

(Aug. 11, 2021 Tr. at 4-5.) Counsel for the State also noted that there had been a very recent ("just last week") recording of documents evincing a "transfer on death" of a certain property to "a trust in the name of his wife, as well as a trust in the name of himself." *Id.* at 5. The State further argued "that it's important to do this ex parte to prevent fraudulent

transfers from occurring prior to a hearing." *Id.* at 7. The trial court then confirmed with counsel for the State it's understanding that Randazzo had not been indicted with the other codefendants as of the date of the hearing. *Id.* The State then reiterated its request that an order permitting it to attach the accounts in which the proceeds of the real estate sales were deposited be granted. *Id.* at 8-9. Finally, the State requested that the Court grant its motion for leave to file a second amended complaint that was previously filed. *Id.* at 10.

{¶ 28} In granting the State's ex parte motion for prejudgment attachment, the trial court stated as follows:

> I have considered the motion for prejudgment attachment filed in this case - - or submitted in this case. I've also considered the affidavit of Charles Miller and the accompanying exhibits attached to that affidavit.
>
> I do find that there's probable cause to support the motion for prejudgment attachment. I find that the State of Ohio will suffer irreparable injury if the order is delayed. I find that there is a present danger that the property will be immediately disposed of, concealed, or placed beyond the jurisdiction of the Court. I find that the value of the property will be impaired substantially if the order is not issued or if the order is delayed.
>
> I am going to grant the request for prejudgment attachment of the property. I do find, as I have previously found relating to this case, that there is a likelihood of success, at least at this stage. There is a likelihood of success on the merits.

*Id.* at 10-11.

{¶ 29} The trial court concluded by granting the motion for leave to file a second amended complaint, stating it would "permit the Attorney General's Office to file an amended complaint naming Mr. Randazzo as a named defendant in the hearings or in the cases that are scheduled in 20-6281 and 20-7386, and allow him to be added as a party in that case, as well." *Id.* at 11.

{¶ 30} A review of the transcript as set forth above shows that the trial court's consideration of the grounds required to find "irreparable injury" under R.C. 2715.045 was

cursory at best and the court provided no real explanation for its ultimate findings. Essentially, the trial court merely provided a recitation of the statute. As pointed out by appellants in their brief, the property the State sought to attach consisted of funds and securities held in various accounts. (Miller Aff. at ¶ 11-17.) The State provided no evidence that would have permitted the trial court to find that the value of this property would be "impaired substantially if the issuance of an order of attachment is delayed" as the basis provided for in R.C. 2715.045(B)(2), and neither the hearing transcript nor the order issued by the trial court indicates the trial court engaged in a sound reasoning process in reaching its conclusion. Indeed, the State did not even argue that the ground of "impaired substantially" applied in this case. Thus, there was no basis for finding irreparable injury under this prong and the trial court abused its discretion in making this finding.

{¶ 31} Likewise, there was no evidence that would have permitted the trial court to find irreparable injury predicated on a "present danger" that the property sought to be attached would be immediately disposed of, concealed, or placed beyond the jurisdiction of the court under R.C. 2715.045(B)(1). Although the State contended in its ex parte motion for prejudgment attachment "[t]hat money can be wired anywhere in the world on a moment's notice to avoid attachment if this Court were to afford him with notice" and/or "could immediately be wired or transferred to accounts of third parties, such as Randazzo's wife, her trust account, or to his son (to whom Randazzo already transferred a house)", the State did not provide any actual evidence that this was about to or likely to happen. (Aug. 12, 2021 Ex-Parte Motion for Prejudgment Attachment at 6.) Although the affidavit provided in support of the ex parte motion includes a statement that "[a]fter reasonable investigation, Affiant believes Randazzo will transfer, dispose of, assign, or conceal funds contained in the above referenced accounts for the purpose of transferring and/or hiding assets from creditors including the State of Ohio" no explanation for the basis of this belief

is provided, nor are any details of the investigation provided. (Miller Aff. at ¶ 16.) We find that in the context of an ex parte prejudgment proceeding, more than this is required.

{¶ 32} Moreover, this same contention could be made in *any* civil case in which the plaintiff is seeking money damages. Any funds a given defendant might have deposited in banks, brokerage accounts, etc., would always be subject to being "wired anywhere in the world on a moment's notice" and/or "wired or transferred to accounts of third parties" during the pendency of the litigation.[7] As the statutory scheme makes clear, obtaining prejudgment attachment—particularly obtaining prejudgment attachment via an ex parte proceeding—demands a higher threshold than a mere possibility that funds could be inappropriately diverted. *See Zeeb Holdings*, 552 F.Supp.3d at 711.

{¶ 33} Furthermore, although Miller attested in his affidavit that "[t]hese transfers and sales are being done to shield [Randazzo's] $4.3 million of criminal proceeds and his other assets from collection on the debt of the State of Ohio for being a corrupt public official" at the time the real estate sales/transfers occurred the State had not asserted *any* claim[8] against the appellants. (Miller Aff. at ¶ 9.) The State did not provide the trial court with any explanation for how appellants could have been conducting the transfers in order to shield the proceeds from collection by the State on a claim that did not even exist at the time the transfers took place, yet the trial court found the "present danger" prong had been met based on Miller's affidavit. Although the record shows that the State submitted a supplemental affidavit of Miller in opposing appellants' motion to vacate the attachment orders, this supplemental affidavit was neither before nor considered by the trial court when it granted the motion for prejudgment attachment at the ex parte hearing on

---

[7] In the instances where such transfers are alleged to have occurred, plaintiffs may avail themselves of the remedies provided for under the fraudulent conveyance statutes as set forth in R.C. Chapter 1336.

[8] Nor had Randazzo been indicted by the federal authorities for any alleged crime.

August 11, 2021 and therefore cannot be properly relied upon to support the issuance of the attachment orders after the fact.

{¶ 34} Therefore, based on the foregoing, we find the trial court abused its discretion in issuing the attachment orders and further erred in denying appellants' motion to vacate those orders.

### e. Garnishment Orders

{¶ 35} As noted previously, appellant also argues that the garnishment orders were improperly issued and must be vacated, and we agree. First, because the attachment orders were improperly issued, it is axiomatic that the garnishment orders upon which they are based are also defective.

{¶ 36} Moreover, despite the fact that it is undisputed there had been no judgment entered against appellants at the time the garnishment orders were entered in these cases, the State utterly failed to comply with the requirements of R.C. 2715.091 governing prejudgment garnishments proceedings. Specifically, the State failed to instruct the levying officer to "attempt[] to get possession of [the] property[,]" and if unsuccessful, to "leave with the person a copy of the order of attachment, with a written notice that he appear in court and answer, as provided in section 2715.29 of the Revised Code." R.C. 2715.0919(A); *DaimlerChrysler Servs. v. Provident Bank,* N.D. Ohio No. 3:02 CV 7235, 2003 U.S. Dist. LEXIS 16596, *2-3 (Sept. 12, 2003 (concluding that a bank's prejudgment attachment was defective for having failed to satisfy the requirements of R.C. 2715.091 and then having successfully urged the state court to deny the due process benefits that the statute protected). In addition, the State failed to have the garnishee ordered "to appear and * * * answer all questions put to him touching property of every description, and credits of the defendant in his possession or under his control." R.C. 2715.29. Indeed, it is only after

"examination of the garnishee" may the court "order the delivery of [the] property * * * into court." R.C. 2715.32.

{¶ 37} Instead of following the requisite proceedings for obtaining prejudgment garnishment orders, the State obtained post judgment garnishment orders under R.C. Chapter 2716 by submitting affidavits signed by its counsel that asserted that the State was a "Judgment Creditor" and had recovered or certified a judgment in the Court of Common Pleas. *See, e.g.,* Aug. 17, 2021 Order and Notice of Garnishment of Property Other Than Personal Earnings and Answer of Garnishee, Aff. Although the State asserts that "the clerk of courts required" the post-judgment garnishment forms submitted by the State and that using these forms "certainly didn't harm Appellants," (*see* Brief of Appellee State of Ohio at 28-29), we find this explanation for use of the incorrect procedure and forms woefully insufficient.

{¶ 38} Furthermore, the State provides no explanation for why it stated on the garnishment form that it had obtained a judgment against appellants in the amount of $8 million dollars. As noted above, the State had not—and still has not—obtained *any* judgment against appellants, and the State fails to adequately explain where this $8 million figure was obtained and why it asserted in the form's affidavit it had a judgment against appellants when it clearly had obtained no such judgment.

{¶ 39} In short, based on the foregoing deficiencies, the trial court committed reversible error in approving and ordering the post judgment garnishments prior to the entry of a judgment against appellants.

{¶ 40} Notwithstanding our findings that the trial court abused its discretion in issuing the attachment orders and therefore erred in issuing same, further erred in denying appellants' motion to vacate those orders, and erred in approving and issuing the post judgment garnishment orders, we wish to make clear that our ruling concerns only the

narrow procedural matters implicated in the within appeal and in no way reflects any opinion on the underlying merits of this case.

{¶ 41} Accordingly, for all the foregoing reasons, we sustain all three assignments of error. We hereby reverse and vacate the trial court's August 12, 2021 Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Property Other than Personal Earnings; the trial court's August 12, 2021 Order Granting Plaintiff's Ex-Parte Motion for Prejudgment Attachment of Accounts of Property Other than Personal Earnings; and the trial court's August 23, 2021 Order denying Defendants' Motion to Vacate the Attachment Orders and the related garnishment orders.

*Judgment reversed and orders vacated.*

KLATT and MENTEL, JJ., concur.

_____